[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The appeals have been sua sponte consolidated under case number C-030121.
 JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiffs-cross-appellants, Ronnie and Talena Huffman, have appealed from the judgment of the trial court denying their motion for summary judgment and entering summary judgment for defendant-cross-appellee, Liberty Mutual ("Liberty"), in an action seeking damages following an automobile accident. And defendant-appellant Pennsylvania General Insurance Co. ("Pennsylvania General")[2] has appealed from the judgment of the trial court denying its motion for summary judgment and entering summary judgment for the plaintiff-appellee, Talena Huffman, in an action seeking damages following the same automobile accident. For the reasons that follow, we conclude that the trial court's entry does not qualify as a final appealable order under R.C. 2505.02, and therefore that this court lacks jurisdiction and must dismiss the appeal.
 {¶ 3} Ronnie and Talena Huffman filed a complaint against Kenneth Bellamah, Liberty Mutual Insurance Co., Pennsylvania General, and State Farm Fire Casualty Co. Ronnie and Talena asserted nine claims for injuries sustained by them as a result of an automobile accident caused by Bellamah, an uninsured/underinsured ("UM/UIM") motorist. Ronnie and Talena asserted six claims against Bellamah for negligence and loss of consortium. Ronnie and Talena asserted one claim against Liberty, alleging that Talena, as a Federated employee, and her husband, Ronnie, were entitled to UM/UIM coverage under Federated's insurance policies with Liberty. In their claim against Pennsylvania General, Ronnie and Talena alleged that both of them were entitled to UM/UIM coverage from Ronnie's employer's insurance policies with Pennsylvania General. And in their claim against State Farm Fire and Casualty Co. ("State Farm"), Ronnie and Talena maintained that they were entitled to UM/UIM coverage under their homeowner's insurance policy with State Farm. Essentially Ronnie and Talena maintained that, pursuant to Scott-Pontzer v. LibertyMut. Fire Ins. Co[3] and by operation of law, Liberty, Pennsylvania General, and State Farm were contractually obligated to provide UM/UIM coverage. Both Ronnie and Talena demanded $25,000 in damages individually from Bellamah, Liberty, Pennsylvania General, and State Farm for their injuries and losses.
 {¶ 4} Liberty and Pennsylvania General filed separate summary-judgment motions against Talena for her UM/UIM claim. In their briefs in support of the summary-judgment motions, Liberty and Pennsylvania General have both explained that they did not seek summary judgment against Ronnie because Ronnie had withdrawn his claims. But nothing in the record demonstrates that Ronnie had withdrawn his claims or that the complaint had been amended. State Farm filed a motion for summary judgment against Ronnie and Talena, alleging that its homeowners' insurance policy was not an automobile policy or an umbrella policy.
 {¶ 5} In response, Ronnie and Talena filed a joint summary-judgment motion against Liberty and Pennsylvania General. In support of their motion, they alleged that Talena was entitled to summary judgment because she was insured under the Liberty and Pennsylvania General contracts for the purposes of UM/UIM coverage. They did not make any assertions or representations about Ronnie's claims against Liberty and Pennsylvania General. In the motion, Talena sought five million dollars in damages from Liberty and one million dollars in damages from Pennsylvania General. Ronnie and Talena also moved for summary judgment against State Farm.
 {¶ 6} The trial court granted summary judgment in favor Liberty and denied summary judgment on Talena's UM/UIM claim. As to Talena's claims against Pennsylvania General, the trial court granted summary judgment on Talena's UM/UIM claim, and it denied Pennsylvania General's summary-judgment motion. And the trial court granted summary judgment to State Farm on Ronnie and Talena's claims under their homeowner's policy and dismissed State Farm from the lawsuit.
 {¶ 7} Pennsylvania General has filed an appeal from the trial court's decision as to Talena's claim, and Ronnie and Talena have filed an appeal from the court's decision as to Liberty. In their briefs, the parties only address the UM/UIM claims brought by Talena against Liberty and Pennsylvania General. Although the issue is not raised in this appeal, we must first address whether the order entered by the trial court was a final appealable order.
 {¶ 8} In order to determine whether a summary judgment that adjudicates fewer than all claims or rights and liabilities may be immediately appealed under a Civ.R. 54(B) certification, we must undertake a two-part inquiry. First, we must determine whether the order appealed is "final" as defined by R.C. 2505.02.[4] Under R.C. 2505.02, an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." Second, we must decide whether the trial court's factual determination that there is "no just reason for delay" leads to judicial economy.[5]
 {¶ 9} The order in this case was not final because it did not dispose of the claims brought by Ronnie and Talena against Bellamah, and because it did not dispose of their claims regarding whether Ronnie was an "insured" and entitled to UM/UIM coverage under Liberty and Pennsylvania General's insurance contracts. The record is clear that the claims against Bellamah were never determined. Further, while Liberty and Pennsylvania General suggested in their motions for summary judgment that the claims brought by Ronnie had been dismissed, nothing in the record supports their assertions. Without more, we cannot say that Ronnie's claims against Liberty and Pennsylvania General have been determined. Accordingly, the trial court's order was not final.
 {¶ 10} Despite the fact that the order was not final, the record contains Civ.R. 54(B) language that there is "no just reason for delay." As a result, we must consider whether the court's factual determination that there is "no just reason for delay" was an abuse of discretion.
 {¶ 11} Generally, the trial court's finding of "no just reason for delay" under Civ.R. 54(B) is subject to a presumption of correctness, but it may be reviewed for an abuse of discretion. The primary consideration when reviewing the court's determination is whether an interlocutory appeal is consistent with sound judicial administration and the avoidance of piecemeal litigation.[6] The Ohio Supreme Court has advised, "Trial courts * * * should be careful not to breach the duty entrusted to them, and should avoid a mechanical application of Civ.R. 54(B) language."[7]
 {¶ 12} Even in light of the presumption of correctness accorded the trial court's findings in this matter, we hold that the Civ.R. 54(B) certification was contrary to the policy against piecemeal appeals and piecemeal trials. Ronnie and Talena brought one claim against Liberty, alleging that both Ronnie and Talena were insureds under Liberty's insurance policies with Talena's employer. And Ronnie and Talena brought only one claim against Pennsylvania General, alleging that they both were insureds under Pennsylvania General's insurance policies with Ronnie's employer. Thus, the heart of the dispute between Ronnie and the insurance companies and Talena and the insurance companies involved the interpretation of "insured" under the insurance contracts provided to Ronnie and Talena's employers and whether UM/UIM coverage was available to Ronnie or Talena. However, the trial court did not consider whether Ronnie was an "insured" or whether he was entitled to UM/UIM coverage under the contracts.
 {¶ 13} In the interests of judicial economy, Ronnie and Talena's UM/UIM claims against Liberty and Pennsylvania General had to be considered together because they arose out of the same set of operative facts, involved the interpretation of the same provisions in the contracts, and concerned similar issues. Moreover, any consideration of Talena's claims against Liberty and Pennsylvania General without considering Ronnie's claims could lead to inconsistent results and piecemeal litigation when the court eventually considers Ronnie's claims. Additionally, the trial court seemed unclear about whether it was considering Ronnie's claims against Pennsylvania General. In Ronnie and Talena's motion for summary judgment, they only addressed Talena's claims under the contract. But in its decision, the trial court suggested that both Ronnie and Talena were insureds under Pennsylvania General's policy. Despite this finding, the court, through the language in its entry, only granted summary judgment on Talena's claim. Further, the Huffman's were also unclear about the trial court's entry as to Liberty because, although the trial court only addressed Talena's claims against Liberty, both Talena and Ronnie appealed from the court's decision.
 {¶ 14} Because the record in this case does not support the trial court's conclusion that an immediate appeal is consistent with the interests of judicial economy and sound judicial administration, we hold that the trial court abused its discretion in certifying its order with respect to Talena's UM/UIM claims against Liberty and Pennsylvania General pursuant to Civ.R. 54(B). Therefore, the appeal is sua sponte dismissed.
 {¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[2] Originally, Ronnie and Talena Huffman sued OneBeacon Insurance Co. instead of Pennsylvania General. By stipulation on July 31, 2002, it was agreed that Pennsylvania General, not OneBeacon, was the proper party, and Pennsylvania General was substituted for OneBeacon on all past judgments and future pleadings. We appropriately refer to Pennsylvania General as the appellant throughout this entry.
[3] 85 Ohio St.3d 660, 199-Ohio-292, 710 N.E.2d 1116.
[4] See Wisintainer v. Elcen Power Strut Co, 67 Ohio St.3d 352,354-355, 1993-Ohio-120, 617 N.E.2d 1136.
[5] See id. at 355.
[6] See id. at 354.
[7] Id. at 355.